# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Microsoft Surface Laptop, silver in color with no serial number; HP Laptop serial number 5CD4493HCP; Lenovo laptop serial number PFOAWS74; Western Digital portable hard drive serial number 45601YP; LG cellular phone, blue in color; LG cellular phone, silver in color; Samsung Galaxy S5, white in color; SanDisk 4GB SDHC Card; HP Tower computer serial number mxx6060c3m, currently stored at U.S. Postal Inspection Service, Stockton Domicile, 3131 Arch Airport Road, Stockton CA; all as further described in Attachment A

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

Case Number:

**2 16 - SW   0 2 2 9   CKD**

FILED

APR 2 1 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

I, ___Daron Tarver___, being duly sworn depose and say:

I am a (n) ___Postal Inspector___ and have reason to believe that:
☐ on the person of or ☒ on the property or premises know as (name, description and/or location)

**See Attachment A attached and incorporated herein**

in the _____EASTERN_____ District of _____CALIFORNIA_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment B, attached and incorporated herein**

which is (state one or more bases for search set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

**evidence of, fruits of, instrumentalities, and property designed for use, intended for use and used in committing crimes**

concerning a violation of Title __18__ United States code, Section (s) 1344(2), 1028A(a)(1), 1028(a)(3), 1029(a)(3) .

The facts to support a finding of probable cause are as follows: **See Attached Affidavit fully incorporated herein**
Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Affiant
Daron Tarver, Postal Inspector

Sworn to before me and subscribed in my presence,

___4/21/2016___ at ___Sacramento, California___
Date                                    City and State

HON. C.K. Delaney
U.S. Magistrate Judge
Name and Title of Judge                 Signature of Judge

## ATTACHMENT A

Items to Be Searched

Located at U.S. Postal Inspection Service, Stockton Domicile, 3131 Arch Airport Road,

Stockton, CA:

       a.  Microsoft Surface Laptop, silver in color with no serial number

       b.  HP Laptop (S/N 5CD4493HCP)

       c.  Lenovo laptop (S/N PFOAWS74)

       d.  Western Digital portable hard drive (S/N 45601YP)

       e.  LG cellular phone, blue in color

       f.  LG cellular phone, silver in color

       g.  Samsung Galaxy S5, white in color

       h.  SanDisk 4GB SDHC Card

       i.  HP Tower computer (S/N mxx6060c3m)

**ATTACHMENT B**
Items to Be Seized and Examined

1.      Any and all items related to manufacturing checks, including images of personal or business checks, instructions for counterfeiting checks and graphic software commonly used to manipulate images of counterfeit checks to include Roberts Auto Sales, Bay Area Stone and Tile for Northern California, Scholten Surgical Instruments, Inc. , Bank of America, Debra P. , Bank of Stockton, Thao T. , Chase Bank, SCIF , Union Bank, Next Generation Steam Academy , Wells Fargo Bank, Commerce West Insurance, Housing Authority of Stanislaus County Farmers and Merchant Bank.

2.      Any and all items related to identities other than Ballard and access devices or financial instruments in names other than Ballard, including, but not limited to, personal identifying information of persons, businesses, and any records of financial transactions using such identifying information including the following names or banks: Angela F. , Capital One, Suthon K. , Citibank, Wanda E., Wayne V. , Bank of the West, Scott W., Christopher H. , Meta Bank, Brian B., Central State Credit Union.

3.      Any and all items or info related to California, New York, and Wisconsin driver's licenses and identifications, including templates to manufacture such, and images of Ballard and others, including the following: Myron D. residing on 60th Ave. with DL # ending 5585, Adrian A. residing on 79th St. with DL # ending 7307, Julio T. residing on 79th St. with DL # ending 7607, Anthony D. residing on Valentine Dr. with DL # ending 2451, Matthew M. residing on Latta Rd. with DL # ending 4577, Daniel A. residing on 80th Ave. with DL # ending 4547, David R. residing on 80th Ave. with DL # ending 4577, Michael C. residing on Clover Ave. with DL # ending 8567, Jason M. residing on Springbrook Ln. with DL # ending 8544, Blake W. residing on 56th St. with DL # ending 2109, Agustin A. residing on 79th St. with DL # ending 7907, Lian C. residing on 79th St. with DL # ending 7707, Michael E. residing on 79 St. with DL # ending 7307, Rafael G. residing on 79th St. with DL # ending 7807. Christopher H. residing on Crestwood Dr. with DL # ending 8179, Daniel S. residing on Birchwood St. with DL # ending 7718, Oliver L. residing on School St. with DL # ending 1301.

4.      Any and all contacts, addresses, including pictures and /or photographs depicting an associations, text messages, phone logs and other correspondence, U.S. Mail, including stored emails, including attachments, voice messages and other recordings depicting, discussing, or listing personal identifying information of others, account information, instructions to make checks or documents or access devices.

5.      Stored photographs, videos, text messages, audio, and files depicting, discussing, or listing personal identifying information or U.S. Mail of others, account information, images of financial instruments, instructions for counterfeiting financial instruments, bank accounts or other accounts in the names of others.

6.      Web-browsing history and any stored web pages used to open accounts, download images, or access information or use U.S. Mail contents, including the websites of the United States Postal Service, Capital One, Modesto Commerce Bank, Bank of America, Wells Fargo Bank, Citibank, Chase, Union Bank, Central State Credit Union.

7.     Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched and any data stored in any application;

8.     Any physical keys, encryption devices, dongles, or similar physical items which are necessary to gain access to the computer equipment, storage devices, or data;

9.     Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data;

10.    All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, that show the actual user(s) or owners of the computers or digital devices during the time the device was utilized to commit the crimes referenced above, including the web browser's history; temporary Internet files; cookies, bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email, instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow others to control the digital device such as viruses, Trojan horses, and other forms of malicious software (or alternatively, the lack of software that would allow others to control the digital device);

11.    All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer or digital device;

12.    All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show contextual information necessary to understand the evidence, contraband, fruits, or instrumentalities described in this attachment.

# AFFIDAVIT

I, Daron D. Tarver, being duly sworn, depose and state as follows.

1.      I am a Postal Inspector and have been so employed since March 2006.  Currently, I am assigned to the San Francisco Division of the United States Postal Inspection Service (USPIS), and I work out of the Sacramento office.  During my tenure I have completed training at the United States Postal Inspection Service Academy in Potomac, MD. As a part of my official duties, it is my responsibility to investigate violations of federal and state law, including robbery and burglary of postal facilities, destruction of government property, theft of U.S. Mail, possession of stolen U.S. Mail, mail and bank fraud, credit card fraud, identity theft and/or counterfeit personal checks and identifications. As an Inspector with the USPIS, I have participated in numerous criminal investigations relating to theft of U.S. Mail, counterfeit personal and corporate checks, possession of stolen U.S. Mail, credit application fraud, bank fraud, identity theft and counterfeit identifications.

2.      The statements in this affidavit are based (a) on my personal knowledge, (b) on my participation in this investigation, (c) on my training and experience and on the training and experience of other law enforcement personnel with whom I have discussed this case, (d) on information gained from other law enforcement personnel, state and federal reports, and data bases, and (e) on statements of witnesses, victims, and postal personnel.

3.      This affidavit is being submitted in support of an Application for a Search Warrant for the following items: Microsoft Surface Laptop, silver in color with no serial number, HP Laptop serial number 5CD4493HCP, Lenovo laptop serial number PFOAWS74, Western Digital portable hard drive serial number 45601YP,  LG cellular phone, blue in color, LG cellular phone, silver in color, Samsung Galaxy S5, white in color, SanDisk 4GB SDHC Card, HP Tower computer serial number mxx6060c3m, further described in "Attachment A", which is attached hereto and fully incorporated herein.  The warrant is for items set forth in "Attachment B", which is attached hereto and fully incorporated herein.  The items set forth in "Attachment B" constitute evidence, fruit, and instrumentalities of violations of 18 USC 1344(2): Bank Fraud; 18 USC 1028 A(a)(1): Aggravated Identity Theft; 18 USC 1708: Possession of stolen U.S. Mail; 18 USC 1028 (a)(3): Possession of 5 or more ID documents; and 18 USC 1029 (a)(3): Possession of 15 or more access devices.

4.      On 6/4/12, in the EDCA, Ballard was sentenced for conviction for violations of mail fraud (1341), access device fraud (1029(a)(3)), bank fraud (1344(2)), and aggravated i.d. theft (1028A).  He was sentenced to 61 months in federal custody.  On 3/27/15, Ballard was released for service of his 5 year term of supervised release.  On 4/8/16, US Probation conducted a supervision (TSR) search (with the assistance of other federal and state law enforcement) at Ballard's Manteca residence.  During the search, among other things, the following electronic devices were seized: Microsoft Surface Laptop, silver in color with no serial number, HP Laptop serial number 5CD4493HCP, Lenovo laptop serial number PFOAWS74, Western Digital portable hard drive serial number 45601YP,  LG cellular phone, blue in color, LG cellular phone, silver in color, Samsung Galaxy S5, white in color, SanDisk 4GB SDHC Card, HP Tower computer serial number mxx6060c3m.

*I took custody of the items and placed them in the evidence room at USPIS, 3131 Arch Airport Road, Stockton where they remain.  DDT*

5.     On April 8, 2016, Ballard was federally charged by complaint with, among other things, bank fraud in violation of 18 USC 1344(2).  See US v. Ballard, Mag. No. 16-077-CKD, copy attached hereto and incorporated herein.  The complaint alleges that, beginning at a time unknown to the United States but at least starting on or about July 2015 and continuing to April 8, 2016, defendant Ballard, working with associates, executed a scheme to defraud, and attempt to defraud, federally insured financial institutions.  Ballard's scheme included obtaining, rifling, profiling, and altering i.d. and financial information from stolen US Mail and from other stolen property containing i.d. and financial information.  Ballard catalogued, saved, and possessed the stolen mail and property.  In processing the stolen mail and property, Ballard and his associates targeted certain postal customers, businesses, and mail receptacles utilized by those customers (postal victims).  In furtherance of the scheme, Ballard also opened and maintained a Post Office box for receipt of mail forwarded by fraud and receipt of mail containing access devices, among other things, in the names of others (victims).  Ballard further executed the scheme by applying for access devices in the name of others and causing the access devices to be mailed to an address or Post Office box controlled by Ballard and his associates.  Ballard further executed the scheme by posing as victims and postal customers and using such victims' names and signatures.  Ballard further executed the scheme by presenting the i.d. information, fraudulent checks, and access devices to get money, goods, and services at the expense of victim financial institutions.

6.     On about 4/30/15, Ballard received a refund (true) check from Roberts Auto Sales.  After cashing the check issued by victim Dennis N. of Roberts Auto Sales, Ballard -- having recorded the bank routing number, Roberts Auto Sales' account number, and business name -- used such financial information to manufacture fraudulent checks.  Specifically, on or about 10/16/15, Ballard manufactured a counterfeit check (#93079) containing the true business name, account number, and bank routing number, and placed the false payor signature of victim Dennis N. on the counterfeit check.  The check was drawn on the federally insured Modesto Commerce Bank.  Ballard made the check payable to himself.  Ballard deposited the check for $897.06 into his own federally insured Bank of America account.  Also, on or about 10/28/15, Ballard manufactured another counterfeit check (#092199) containing the true account number of Roberts Auto Sales (purportedly issued by "Bay Area Stone and Tile for Northern California"), its true bank routing number, and placed false payor signatures (including of victim Dennis N.) on the counterfeit check.  The check was again drawn on the federally insured Modesto Commerce Bank.  Ballard made the check payable to himself.  Ballard endorsed the check and cashed the check for $620.50 at Walmart.

7.     On about 3/06/16, Ballard went to a Walmart store located in Manteca, California.  After shopping, Ballard at checkout -- while posing as victim Wanda E. -- presented a fraudulently obtained Visa credit card access device (ending 7366) issued by federally insured Capital One Bank.  Ballard successfully purchased goods and merchandise for $115.61 using the access device.  Ballard signed as victim Wanda E. in making the fraudulent purchase.  On about 3/17/16, Ballard went to Kaiser Permanente Hospital located in Manteca, California.  Ballard further used victim Wanda E.'s visa credit card access device (ending 7366) issued by federally insured Capital One Bank to pay $40.00 for medical services.  Ballard successfully signed as Wanda E. while using the credit card for medical services for himself.  On 4/8/16, during a federal supervision (TSR) search, Ballard's receipt for the fraudulently paid for medical services (on 3/17/16) was located by law enforcement in Ballard's vehicle.  Also in Ballard's vehicle, law enforcement recovered the Walmart receipt for $115.61.  In Ballard's residence (master bedroom used by Ballard), law enforcement recovered Ballard's fraudulently obtained Visa credit card access device (ending 7366).  Accordingly to Capital One, the Visa credit card access device (ending 7366) -- used by Ballard -- was applied for online and mailed to Ballard's Manteca residence.

8       On 3/21/16, Ballard caused a USPS change of address form to be submitted online. Ballard caused US Mail of victim Agustin A. to be forwarded to Ballard's own post office box in Manteca, California. On 4/8/16, during the federal supervision search at Ballard's residence, law enforcement recovered fraudulently forwarded mail belonging to victim Agustin A. Victim Agustin A. did not authorize Ballard to submit the mail forwarding form and further did not authorize Ballard to receive and possess his mail. Based on record checks, law enforcement is aware that an item of U.S. Mail was delivered to Ballard (to his Manteca Post Office box).

9.      Between July 2015 and 4/8/16, law enforcement determined Ballard unlawfully possessed manufactured identification documents for fraudulent use and or transfer. Based on my training and experience and common sense, I am aware that the identifications were created with the use of an electronic device such as a computer. Each identification contained an image of Ballard and a purported person's name, description, and address, including for New York: Myron D. residing on 60th Ave. with DL # ending 5585, Adrian A. residing on 79th St. with DL # ending 7307, Julio T. residing on 79th St. with DL # ending 7607, Anthony D. residing on Valentine Dr. with DL # ending 2451, Matthew M. residing on Latta Rd. with DL # ending 4577, Daniel A. residing on 80th Ave. with DL # ending 4547, David R. residing on 80th Ave. with DL # ending 4577, Michael C. residing on Clover Ave. with DL # ending 8567, Jason M. residing on Springbrook Ln. with DL # ending 8544, Blake W. residing on 56th St. with DL # ending 2109, Agustin A. residing on 79th St. with DL # ending 7907, Lian C. residing on 79th St. with DL # ending 7707, Michael E. residing on 79 St. with DL # ending 7307, Rafael G. residing on 79th St. with DL # ending 7807; and for California: Christopher H. residing on Crestwood Dr. with DL # ending 8179, Daniel S. residing on Birchwood St. with DL # ending 7718; and for Wisconsin: Oliver L. residing on School St. with DL # ending 1301.

10.     Between July 2015 and 4/8/16, law enforcement determined Ballard unlawfully possessed access devices for fraudulent use and or transfer. Based on my training and experience and common sense, I am aware that the access devices were created or obtained with the use of an electronic device such as a computer. The access devices include the following: Angela F. issued by Capital One, Suthon K. issued by Citibank, Wanda E. issued by Capital One, Wayne V. issued by Bank of the West, Scott W. issued by Citibank, Christopher H. issued by Meta Bank, Brian B. issued by Central State Credit Union, Scholten Surgical Instruments, Inc. issued by Bank of America, Debra P. issued by Bank of Stockton, Thao T. issued by Chase Bank, SCIF issued by Union Bank, Next Generation Steam Academy issued by Wells Fargo Bank, Commerce West Insurance issued by Bank of America, and Housing Authority of Stanislaus County issued by Farmers and Merchant Bank.

11.     I am aware that individuals, such as Ballard and his associates, involved in mail, bank, credit application, and access device fraud schemes (including schemes to acquire and to use federally insured bank credit cards assigned to others) often obtain and profile the contents of stolen US Mail to further their schemes. Such individuals often possess stolen U.S. Mail for long periods of time for use in their schemes. Such individuals often work with others to use stolen items (including financial info and i.d. info), often maintain close contact, and travel together. I am aware that in financial fraud and identity theft schemes, perpetrators often use victim names, pose as victims on-line to make internet transactions and to open accounts, and to cause fraudulently purchased items to be mailed in victim names. Perpetrators will do this to avoid detection and to create layers of anonymity. Also to avoid detection, perpetrators will cause fraudulently purchased items to be mailed and stored at different locations. I am aware that perpetrators will keep tools, implements, financial statements, access devices, and stolen items close to themselves (especially in vehicles they use, on their person, in their residences, and in storage units) or in areas in which they have access to ensure custody and control of the items and for easy access for use or disposal.

12.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that persons involved in identity theft, possession of stolen U.S. mail, credit card fraud, and bank fraud along with their conspirators/accomplices use mobile cell phones and computer laptops to communicate with one another, either by voice calls or text messages regarding their fraud and theft activities. I know that such persons who use such devices commonly exchange real time information about theft and fraud activity and other information regarding execution of theft or fraudulent transactions. Such information can be found stored in the text / email messages of such devices. Such persons also use the devices to link with the internet to obtain addresses and maps and locations/addresses of victims. Such devices can also be used to remotely make (on-line) fraudulent applications and or purchases. Such devices can also be used to perform false or fraudulent mobile banking operations, transactions, and checks (verifications).

13.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that the complete contents of text messages and emails may be important to establishing the actual user who has dominion and control of a particular phone or computer at a given time. Cell phones may be subscribed to under false names with little to no verification by the service provider. Cell phones and computers may also be used by multiple people. Given the ease with which such items may be obtained and used, and the rarity with which law enforcement has eyewitness testimony about a defendant's use of a particular cell phone or device that was used to send a particular text or email message, investigators often have to rely on circumstantial evidence to show that an individual was the actual user of a particular cell phone or device. Often, by piecing together information contained in the contents of the device (cell phone or computer or storage device) an investigator can establish the identity of the actual user. Often, those pieces will come from a time period before the device was used in criminal activity. Limiting the scope of the search for information showing the actual user of the device would, in some instances, prevent the government from identifying the user of the device and, in other instances, prevent a defendant from suggesting that someone else was responsible. Therefore, the entire content of an electronic communication device often provides important evidence regarding the actual user's dominion and control of the device. If the government were constrained to review only a small portion of communications on the device, that small subsection might give a misleading impression that only a single user had access to the devices.

14.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that criminals discussing their criminal activity via electronic communication devices (computer email and cell phone text messaging) may use slang, short forms (abbreviated words or phrases such as "lol" to express "laugh out loud"), or code words (which require entire strings or series of text message conversations to determine their true meaning) when discussing their crimes. They can also discuss aspects of the crime without specifically mentioning the crime involved. It is even possible to use pictures, images, and emoticons (images used to express a concept or idea such as a happy face inserted into the content of a text message or the manipulation and combination of keys on the computer keyboard to convey an idea, such as the use of a colon and paren :) to convey a smile or agreement) to discuss matters. "Keyword searches" or other automated methods of review of the text messages sent to and from the subject device would not account for any of these possibilities, so

actual review of the text and email messages by law enforcement personnel with information regarding the identified criminal activity is necessary to find all relevant evidence.

15.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case and my investigation in this case, I have learned the following additional information:

(a)     Individuals who steal, misdirect, take, unlawfully possess, or by fraud or deception obtain, U.S. Mail often maintain the U.S. Mail, and its contents to include financial records, for long periods of time to exceed months.  Such individuals will also scan onto computers, cell phones, and computer storage devices stolen mail or fraudulently obtained mail (and its contents) and maintain on computers, cell phones, and storage devices co-conspirators names, victim's names, addresses (of victims, associates, accomplices), and stolen means of identification, thereby reducing such items' exposure to law enforcement and the community. Individuals will then frequently dispose of the mail to avoid detection or association with the stolen mail.

(b)     Individuals who steal, misdirect, take, unlawfully possess, or by fraud or deception obtain, identity information (including names, date of birth, account numbers, SSNs, and other financial information) will often maintain this information for long periods of time to exceed months.  Such individuals will also scan such onto computers, cell phones, and computer storage devices and maintain such on computers, cell phones, and storage devices of co-conspirators, thereby reducing such items' exposure to law enforcement and the community.

(c)     Also, individuals involved in stealing or fraudulently obtaining U.S. Mail and possessing financial information of others for fraud or deception, use laptop computers to remain in contact (communicate) with others involved in the same type of criminal activity.  These individuals often retain evidence of such activity on their computer(s) or other forms of electronic storage media (including cell phones) for long periods of time.  Individuals who fraudulently use the U.S. Mail and or financial information of others also use computers to access the internet to assess value and or validity of items obtained fraudulently from the U.S. Mail and or financial information, to barter and sell such stolen property/information, to communicate with others to sell and trade the stolen property/information, and to solicit information regarding the stolen property/information.

(d)     I am aware that even if a perpetrator deletes evidence from electronic storage devices of criminal activity (such as identity theft, and fraudulent use of financial information in U.S. Mail), the evidence often can be recovered from computers or other forms of electronic storage media.

///

16.    I am aware that searching and seizure of electronic storage devices requires a qualified computer forensic specialist and must be conducted in a laboratory or other controlled environment. This is true based on the following:

(a).    The volume of evidence: Computer storage devices (like hard disks, zip, flash, thumb and other such storage devices/drives) can store the equivalent of thousands of pages of information.  Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive (misleading) file names.  This requires searching authorities to examine all the stored data to determine which particular files is evidence or instrumentalities of a crime.  This sorting process can take weeks or months, depending on the volume of data stored.

(b).    Technical requirements:  Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment.  The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search expert is qualified to analyze the system and its data.  Also, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password protected, or encrypted files.  Since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap") a controlled environment is essential to its complete and accurate analysis.

(c).    Data analysis may use several different techniques to search electronic data for evidence or instrumentality's of a crime. These include, but are not limited to the following: examining file directories and subdirectories for the lists of files they contain, "opening" or reading the first few "pages" of a selected files to determine their contents, scanning for deleted or hidden data, searching for key words or phrases ("string searches").

17.    I am aware that searching and seizure of electronic storage devices requires a qualified computer forensic specialist and must be conducted in a laboratory or other controlled environment. Therefore, your affiant requests authority to make a return on any seized electronic storage devices 120 days after the items are searched.  If additional time is needed, the government may seek an extension of this time period from the Court within the original 120 day period from the date of execution of the warrant.

18.    Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am aware that persons engaged in financial fraud, including access device and bank fraud, cause mail to be misdirected to addresses that they utilize.  Such information is commonly maintained in digital contacts, address files, or email applications.  Persons also use associate addresses online to receive merchandise, financial documents, access devices, and other items.

19.     Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am aware that persons engaged in financial crimes, including access device and bank fraud, sort and categorize -- including by digital means -- the stolen data and items they obtained, including stolen U.S. Mail, and then dispose of the unwanted items by tossing or disregarding them in locations such as their trash. Such perpetrators commonly sort and create profiles with the contents of stolen U.S. Mail.  Also, perpetrators keep contents of stolen U.S. Mail in digital form (for example image files), including financial and identification information of victims in electronic devices in their residences and vehicles.

20.     For the reasons stated above, there is probable cause to believe that evidence, fruits, contraband, and instrumentalities, as more fully described in Attachment B to the Search Warrant and Application for Search Warrant, hereby fully incorporated herein, of violations of  18 USC 1344(2): Bank Fraud; 18 USC 1029 A(a)(1): Aggravated Identity Theft; 18 USC 1708: Possession of stolen U.S. Mail; 18 USC 1028 (a)(3): Possession of 5 or more ID documents; and 18 USC 1029 (a)(3): Possession of 15 or more access devices may be found in the following:  Microsoft Surface Laptop, silver in color with no serial number, HP Laptop serial number 5CD4493HCP, Lenovo laptop serial number PFOAWS74, Western Digital portable hard drive serial number 45601YP,  LG cellular phone, blue in color, LG cellular phone, silver in color, Samsung Galaxy S5, white in color, SanDisk 4GB SDHC Card, HP Tower computer serial number mxx6060c3m, all currently located at the U.S. Postal Inspection Service, Stockton Domicile, 3131 Arch Airport Road,  Stockton, CA as further described in "Attachment A".  Accordingly, your affiant respectfully requests that the attached ~~complaint and arrest warrant~~ *✓ Search warrant* be issued.

Daron Tarver
U.S. Postal Inspector

Sworn and subscribed before me
this ___*21*___ day of April 2016

Carolyn K Delaney
UNITED STATES MAGISTRATE JUDGE

Approved: Michelle Rodriguez, AUSA
4/21/16

ORIGINAL
FILED

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

oOo

APR 11 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA
v.
MATTHEW DEAN BALLARD (DOB 12/21/78)

**CRIMINAL COMPLAINT**

**CASE NO.** 2:16 - MJ 0 0 7 7    CKD

I, Daron Tarver, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about each date set forth below, in the Eastern District of California, defendant Ballard, did violate federal law as follows

- beginning in 7/15 and specifically on about 10/16/15, 10/28/15, 3/6/16 and 3/17/16 (Counts 1,2,3 and 4), executed and aided and abetted a scheme to defraud, and attempted to defraud, federally insured financial institutions by means of materially false promises, representations, and pretenses;

- on about 10/16/15 (Count 5) and 3/6/16 (Count 6), knowingly used without authority means of i.d. of another in a bank fraud scheme in violation of 18 USC 1344(2) to defraud federally insured financial institutions by means of materially false promises, representations, and pretenses;

- on or about 3/21/16 (Count 8) and 4/8/16, (Count 7) knowingly obtained mail by fraud (victim Angustin A.) and possessed items that had been stolen from the U.S. Mail (victim Ashok V.), knowing the items had been stolen, and aided and abetted such possession;

- on or about 4/8/16 (Count 9) knowingly possessed with intent to defraud 15 or more access devices which were counterfeit or unauthorized;

- on or about 4/8/16 (Count 10) knowingly possessed, used, and transferred 5 or more identification documents of others with intent to use such unlawfully;

- on or about 4/8/16, (Count 11), knowingly possessed a Schedule II controlled substance, to wit methamphetamine;

all in violation of 18 USC 2, 1344(2), 1028(a)(3), 1028A(a)(1), 1029(a)(3), & 1708  and 21 USC 844.
I further state that I am a Postal Inspector with the US Postal Inspection Service in and for the Eastern District of California and that this complaint is based on the following facts:

- see attached Affidavit, fully incorporated herein

x   Continued on the attached sheet and made a part hereof.

_____
(signature complainant)  DARON TARVER
POSTAL INSPECTOR, USPIS

Sworn to before me, and subscribed in my presence at     Sacramento, California

_____
(authorizing/issuing judicial official's signature)

CAROLYN DELANEY, U.S. MAGISTRATE

4/8/2016
(date)

_____
(print authorizing/issuing judicial official's name and title)
Carolyn K. Delaney
U.S. Magistrate Judge

# AFFIDAVIT

I, Daron Tarver, being duly sworn, depose and state as follows.

1.      I am a Postal Inspector and have been so employed since March 2006. Currently, I am
assigned to the San Francisco Division of the United States Postal Inspection Service (USPIS), and I
work out of the Stockton office. During my tenure I have completed training at the United States
Postal Inspection Service Academy in Potomac, MD.

2.      As a part of my official duties, it is my responsibility to investigate violations of federal and
state law, including robbery and burglary of postal facilities, destruction of government property,
theft of U.S. Mail, possession of stolen U.S. Mail, mail and bank fraud, credit card fraud, identity
theft and/or counterfeit personal checks and identifications.

3.      As an Inspector with the USPIS, I have participated in numerous criminal investigations
relating to theft of U.S. Mail, counterfeit personal and corporate checks, possession of stolen U.S.
Mail, credit application fraud, bank fraud, identity theft and counterfeit identifications.

4.      The statements in this affidavit are based (a) on my personal knowledge, (b) on my
participation in this investigation, (c) on my training and experience and on the training and
experience of other law enforcement personnel with whom I have discussed this case, (d) on
information gained from other law enforcement personnel, state and federal reports, and data bases,
and (e) on statements of witnesses, victims, and postal personnel.

5.      Because this affidavit is being submitted for the limited purpose of securing a complaint and
arrest warrant, I have set forth only the facts that I believe are necessary to establish that there is
probable cause for the identified defendant. Specifically, there is probable cause that Matthew Dean
Ballard (DOB 12/21/78), committed, and aided and abetted as indicated, numerous violations of
federal criminal law.

| Count | Date | Offense | Description |
|-------|------|---------|-------------|
| 1 | 10/16/15 | **18 USC 2, 1344(2)** | Bank Fraud |
| 2 | 10/28/15 | **18 USC 2, 1344(2)** | Bank Fraud |
| 3 | 3/6/16 | **18 USC 2, 1344(2)** | Bank Fraud |
| 4 | 3/17/16 | **18 USC 2, 1344(2)** | Bank Fraud |
| 5 | 10/16/15 | **18 USC 1028A(a)(1)** | Aggravated Identity Theft |
| 6 | 3/6/16 | **18 USC 1028A(a)(1)** | Aggravated Identity Theft |
| 7 | 4/8/16 | **18 USC 1708** | Possession of Stolen US Mail |
| 8 | 3/21/16 | **18 USC 1708** | Obtaining US Mail by Fraud |
| 9 | 4/8/16 | **18 USC 2, 1029(a)(3)** | Poss. 15+ access devices for fraudulent use |
| 10 | 4/8/16 | **18 USC 1028(a)(3)** | Poss. 5+ identification documents of others |
| 11 | 4/8/16 | 21 USC 844 | Poss of Controlled Substance (methamphetamine) |

6.      On 6/4/12, in the EDCA Ballard was sentenced for conviction for violations of mail fraud
(1341), access device fraud (1029(a)(3)), bank fraud (1344(2)), and aggravated i.d. theft (1028A). He
was sentenced to 61 months in federal custody. On 3/27/15, Ballard was released for service of his 5
year term of supervised release.

///

7.      Beginning at a time unknown to the United States but at least starting on or about July 2015 and continuing to 4/8/16, defendant Ballard, and others not charged herein, devised a material scheme to defraud, and attempt to defraud, federally insured financial institutions.  Ballard executed and aided and abetted the scheme by obtaining, rifling, profiling, and altering i.d. and financial information from stolen US Mail and from other stolen property containing i.d. and financial information.  Ballard, working with others, catalogued, saved, and possessed the stolen mail and property.  In processing the stolen mail and property, Ballard and his associates targeted certain postal customers, businesses, and mail receptacles utilized by those customers (postal victims).  In furtherance of the scheme, Ballard also opened and maintained a Post Office box for receipt of mail forwarded by fraud and receipt of mail containing access devices, among other things, in the names of others (victims).  Ballard and his associates further executed the scheme by applying for access devices in the name of others and causing the access devices to be mailed to an address or Post Office box controlled by Ballard and his associates.  Ballard and his associates further executed the scheme by posing as victims and postal customers and using such victims' names and signatures.  Ballard further executed the scheme  by presenting the i.d. information, fraudulent checks, and access devices to get money, goods, and services at the expense of victim financial institutions, in violation of 18 USC 1344(2) and 2.

|   | Date | Amount | Victim | Transaction Description |
|---|------|--------|--------|--------------------------|
| 1 | 10/16/15 | $897.06 | Modesto Commerce Bank | Ballard, deposited a manufactured and forged counterfeit check, #93079, drawn on the account, ending 3382, of victim Roberts Auto Sales. |
| 2 | 10/28/15 | $620.50 | Modesto Commerce Bank | Ballard, deposited a manufactured and forged counterfeit check, #092199, drawn on the account, ending 3382, of victim Roberts Auto Sales. |
| 3 | 03/06/16 | $115.61 | Capital One Bank | Ballard, posing as victim Wanda E., purchased goods and merchandise at Walmart using Visa credit card access device ending 7366 |
| 4 | 03/17/16 | $40.00 | Capital One Bank | Ballard, posing as victim Wanda E., obtained medical services for himself at Kaiser Permanente using Visa credit card access device ending 7366 |

8.      **Counts 1 and 2**. On about 4/30/15, Ballard received a refund (true) check from Roberts Auto Sales.  After cashing the check issued by victim Dennis N. of Roberts Auto Sales, Ballard -- having recorded the bank routing number, Roberts Auto Sales' account number, and business name -- used such financial information to manufacture fraudulent checks.  Specifically, on or about 10/16/15, Ballard manufactured a counterfeit check (#93079) containing the true business name, account number, and bank routing number, and placed the false payor signature of victim Dennis N. on the counterfeit check.  The check was drawn on the federally insured Modesto Commerce Bank.  Ballard made the check payable to himself.  Ballard deposited the check for $897.06 into his own federally insured Bank of America account.  Law enforcement has obtained surveillance images of Ballard depositing the fraudulent check.  I have reviewed several known images of Ballard.  On 4/8/16, I participated in personal interviews of Ballard.  Based on my review, the records and documents in this case, my training and experience, my discussions with other law enforcement personnel in this investigation, and based on common sense, I am aware that the person depositing the forged check using the name of victim Dennis N. of Roberts Auto Sales is Ballard.  Also, on or about 10/28/15, Ballard manufactured another counterfeit check (#092199) containing the true account number of Roberts Auto Sales, its true bank routing number, and placed false payor signatures (including of victim Dennis N.) on the counterfeit check.  The check was again drawn on the federally insured Modesto Commerce Bank.  Ballard made the check payable to himself.  Ballard endorsed the check and cashed the check for $620.50 at Walmart.

9.      **Counts 3 and 4.** On about 3/06/16, Ballard went to a Walmart store located in Manteca, California. After shopping, Ballard at checkout -- while posing as victim Wanda E. -- presented a fraudulently obtained Visa credit card access device (ending 7366) issued by federally insured Capital One Bank. Ballard successfully purchased goods and merchandise for $115.61 using the access device. Ballard signed as victim Wanda E. in making the fraudulent purchase. On 4/8/16, I participated in a federal supervision search of Ballard, his vehicle and residence in Manteca, California. During the search, as more fully described below, law enforcement located numerous items of stolen U.S. Mail, financial documents/instruments, fraudulent identifications, illicit drugs, unauthorized and or stolen access devices, and document and access device making equipment. Among the items seized was the Visa credit card access device (ending 7366) issued by federally insured Capital One Bank in the name of victim Wanda E. Further, there are surveillance images depicting Ballard conducting this transaction. As set forth above, I have reviewed several known images of Ballard and participated in personal interviews of Ballard. Based on my review, the records and documents in this case, my training and experience, my discussions with other law enforcement personnel in this investigation, and based on common sense, I am aware that the person depicted as posing as victim Wanda E. and signing for the use of her access device is Ballard. On about 3/17/16, Ballard went to Kaiser Permanente located in Manteca, California. Ballard further used victim Wanda E.'s visa credit card access device (ending 7366) issued by federally insured Capital One Bank to pay $40.00 for medical services. Ballard successfully signed as Wanda E. while using the credit card for medical services for himself. On 4/8/16, during the previously described federal supervision search, Ballard's receipt for the fraudulently paid for medical services (on 3/17/16) was located by law enforcement in Ballard's vehicle. Also in Ballard's vehicle, law enforcement recovered the Walmart receipt for $115.61. In Ballard's residence (master bedroom used by Ballard), law enforcement recovered Ballard's fraudulently obtained Visa credit card access device (ending 7366).

10.     **Count 5 and 6.** On 10/16/15, Ballard -- using the means of identification of victim Dennis N. of Roberts Auto Sales, and fraudulently using the true signature, business name, and Modesto Commerce Bank account number (assigned to Roberts Auto Sales for use by Dennis N.) -- deposited a counterfeit check for $897.09 in violation of 18 USC 1028A(a)(1). On 3/06/16, Ballard -- using the means of identification of Wanda E. including her true name, signature, and account number assigned to her Visa credit card access device ending in 7366 -- posed as Wanda E. to make a purchase from Walmart for the amount of $115.61 in violation of 18 USC 1028A(a)(1).

11.     **Count 7.** On 4/8/16, Ballard knowingly possessed U.S. Mail, including of victim Ashok V., which had been stolen, taken, and abstracted from an authorized U.S. Mail receptacle, knowing the same to have been stolen, taken, and abstracted, in violation of 18 USC 1708.

///

12.     **Count 8.** On 3/21/16, Ballard caused a USPS change of address form to be submitted online. Ballard caused US Mail of victim Agustin A. to be forwarded to Ballard's own post office box in Manteca, California.  On 4/8/16, during the federal supervision search at Ballard's residence, law enforcement recovered fraudulently forwarded mail belonging to victim Agustin A.  Victim Agustin A. did not authorized Ballard to submit the mail forwarding form and further did not authorize Ballard to receive and possess his mail.  Based on record checks, law enforcement is aware that an item of U.S. Mail was delivered to Ballard (to his Manteca Post Office box), all in violation of Title 18, United States Code, Section 1708.

13     **Count 9.** On 4/8/16, Ballard, with intent to defraud and without authorization, possessed over 15 access devices, including as set forth below, in violation of 18 USC 1029(a)(3).

| # | Financial Institution | Number | Account Holder |
|---|---|---|---|
| 1 | Capital One | Ending 7089 | Angela F. |
| 2 | CitiBank | Ending 5326 | Suthon K. |
| 3 | Capital One | Ending 7366 | Wanda E. |
| 4 | Bank of the West | Ending 0269 | Wayne V. |
| 5 | CitiBank | Ending 1039 | Scott W. |
| 6 | MetaBank | Ending 2917 | Christopher H. |
| 7 | Central State CU | Ending 4532 | Brian B. |
| 8 | Bank of America | Ending 0836 | Scholten Surgical Instruments, Inc. |
| 9 | Bank of Stockton | Ending 9006 | Debra P. |
| 10 | Chase | Ending 3979 | Thao T. |
| 11 | Chase | Ending 4675 | Chase |
| 12 | Union Bank | Ending 1282 | SCIF |
| 13 | Wells Fargo Bank | Ending 0975 | Next Generation Steam Academy |
| 14 | Bank of America | Ending 4504 | Commerce West Insurance. |
| 15 | Farmers & Merchants Bank | Ending 4201 | Housing Authority of the County of Stanislaus |

14.     **Count 10.** On 4/8/16, law enforcement determined Ballard possessed in his residence at least 5 different counterfeit identification documents for fraudulent use in violation of 18 USC 1028 (a)(3). Specifically, Ballard possessed purported New York Driver's Licenses in the following names Augustin A., Lian C., Michael E., Rafael G., and a purported Wisconsin Driver's License in the name of Olivier L.  Each counterfeit driver's license contained state authentication features, hologram seals, and contained a true photo of Ballard associated with the different name.

15.     **Count 11.** On 4/8/16, law enforcement determined Ballard possessed in his residence at least about 1 gram of methamphetamine, a schedule II controlled substance, in violation of 21 USC 844(a). In addition, Ballard possessed paraphernalia associated with possession of the methamphetamine.

16.     For the reasons set forth herin, there is probable cause to believe that Matthew Dean Ballard (DOB 12/21/78) committed, and attempted to commit, numerous violations of federal criminal law, including as follows.

| Count | Date | Offense | Description |
|---|---|---|---|
| 1 | 10/16/15 | 18 USC 2, 1344(2) | Bank Fraud |
| 2 | 10/28/15 | 18 USC 2, 1344(2) | Bank Fraud |
| 3 | 3/6/16 | 18 USC 2, 1344(2) | Bank Fraud |
| 4 | 3/17/16 | 18 USC 2, 1344(2) | Bank Fraud |
| 5 | 10/16/15 | 18 USC 1028A(a)(1) | Aggravated Identity Theft |
| 6 | 3/6/16 | 18 USC 1028A(a)(1) | Aggravated Identity Theft |
| 7 | 4/8/16 | 18 USC 1708 | Possession of Stolen US Mail |
| 8 | 3/21/16 | 18 USC 1708 | Obtaining US Mail by Fraud |
| 9 | 4/8/16 | 18 USC 2, 1029(a)(3) | Poss. 15+ access devices for fraudulent use |
| 10 | 4/8/16 | 18 USC 1028(a)(3) | Poss. 5+ identification documents of others |
| 11 | 4/8/16 | 21 USC 844 | Poss of Controlled Substance (methamphetamine) |

Accordingly, your affiant respectfully requests that the attached complaint and arrest warrant be issued.

Daron Tarver, US Postal Inspector

Sworn and subscribed before me
this _____ day of April   2016

CAROLYN DELANEY
UNITED STATES MAGISTRATE JUDGE

Approved:  Michelle Rodriguez, AUSA

4/8/16

AO 93 (Rev  12/03)   Search Warrant

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

Microsoft Surface Laptop, silver in color with no serial number;
HP Laptop serial number 5CD4493HCP; Lenovo laptop serial
number PFOAWS74; Western Digital portable hard drive serial
number 45601YP; LG cellular phone, blue in color; LG cellular
phone, silver in color; Samsung Galaxy S5, white in color;
SanDisk 4GB SDHC Card; HP Tower computer serial number
mxx6060c3m, currently stored at U.S. Postal Inspection Service,
Stockton Domicile, 3131 Arch Airport Road, Stockton CA; all as
further described in Attachment A

**2 16 - SW   0 2 2 9   CKD**

**SEARCH WARRANT**

Case Number:

To: **Daron Tarver, Postal Inspector** and any Authorized Officer of the United States.

Affidavit(s) having been made before me by ____ **Daron Tarver, Postal Inspector** who has reason to
Affiant

believe that ☐ on the person of, or ☒ on the premises known as (name, description and/or location)

**See Attachment A, attached hereto and fully incorporated herein**

in the _____ Eastern _____ District of _____ California _____ there is now concealed
a certain person or property, namely (describe the person or property)

**See Attachment B, attached hereto and fully incorporated herein**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so
described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO SEARCH ON OR BEFORE   **5/5/2016**
Date

(not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and making
the search ☒ in the daytime -- 6:00 A.M. to 10:00 P.M. ☐ at anytime in the day or night as I find reasonable cause has been
established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person
or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to
HON Delaney or other U.S. Magistrate Judge (Rule 41(f)(f4)). as required by law.

4/21/2016  1:30 pm _____ at   **Sacramento, California**
Date and Time Issued _____ City and State

**HON Carolyn Delaney**
**U.S. Magistrate Judge**
Name and Title of Judge _____ Signature of Judge

| RETURN | Case Number: | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

**INVENTORY MADE IN THE PRESENCE OF**

**INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT**

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____
Signature of Affiant

Subscribed, sworn to, and returned before me this date.

_____          _____
Signature of Judge                                    Date

## ATTACHMENT A

<u>Items to Be Searched</u>

Located at U.S. Postal Inspection Service, Stockton Domicile, 3131 Arch Airport Road,

Stockton, CA:

        a.  Microsoft Surface Laptop, silver in color with no serial number

        b.  HP Laptop (S/N 5CD4493HCP)

        c.  Lenovo laptop (S/N PFOAWS74)

        d.  Western Digital portable hard drive (S/N 45601YP)

        e.  LG cellular phone, blue in color

        f.  LG cellular phone, silver in color

        g.  Samsung Galaxy S5, white in color

        h.  SanDisk 4GB SDHC Card

        i.  HP Tower computer (S/N mxx6060c3m)

**ATTACHMENT B**
Items to Be Seized and Examined

1.     Any and all items related to manufacturing checks, including images of personal or business checks, instructions for counterfeiting checks and graphic software commonly used to manipulate images of counterfeit checks to include Roberts Auto Sales, Bay Area Stone and Tile for Northern California, Scholten Surgical Instruments, Inc. , Bank of America, Debra P. , Bank of Stockton, Thao T. , Chase Bank, SCIF , Union Bank, Next Generation Steam Academy , Wells Fargo Bank, Commerce West Insurance, Housing Authority of Stanislaus County Farmers and Merchant Bank.

2.     Any and all items related to identities other than Ballard and access devices or financial instruments in names other than Ballard, including, but not limited to, personal identifying information of persons, businesses, and any records of financial transactions using such identifying information including the following names or banks: Angela F. , Capital One, Suthon K. , Citibank, Wanda E., Wayne V. . Bank of the West, Scott W., Christopher H. , Meta Bank, Brian B., Central State Credit Union.

3.     Any and all items or info related to California, New York, and Wisconsin driver's licenses and identifications, including templates to manufacture such, and images of Ballard and others, including the following: Myron D. residing on 60th Ave. with DL # ending 5585, Adrian A. residing on 79th St. with DL # ending 7307, Julio T. residing on 79th St. with DL # ending 7607, Anthony D. residing on Valentine Dr. with DL # ending 2451, Matthew M. residing on Latta Rd. with DL # ending 4577, Daniel A. residing on 80th Ave. with DL # ending 4547, David R. residing on 80th Ave. with DL # ending 4577, Michael C. residing on Clover Ave. with DL # ending 8567, Jason M. residing on Springbrook Ln. with DL # ending 8544, Blake W. residing on 56th St. with DL # ending 2109, Agustin A. residing on 79th St. with DL # ending 7907, Lian C. residing on 79th St. with DL # ending 7707, Michael E. residing on 79 St. with DL # ending 7307, Rafael G. residing on 79th St. with DL # ending 7807. Christopher H. residing on Crestwood Dr. with DL # ending 8179, Daniel S. residing on Birchwood St. with DL # ending 7718, Oliver L. residing on School St. with DL # ending 1301.

4.     Any and all contacts, addresses, including pictures and /or photographs depicting an associations, text messages, phone logs and other correspondence, U.S. Mail, including stored emails, including attachments, voice messages and other recordings depicting, discussing, or listing personal identifying information of others, account information, instructions to make checks or documents or access devices.

5.     Stored photographs, videos, text messages, audio, and files depicting, discussing, or listing personal identifying information or U.S. Mail of others, account information, images of financial instruments, instructions for counterfeiting financial instruments, bank accounts or other accounts in the names of others.

6.     Web-browsing history and any stored web pages used to open accounts, download images, or access information or use U.S. Mail contents, including the websites of the United States Postal Service, Capital One, Modesto Commerce Bank, Bank of America, Wells Fargo Bank, Citibank, Chase, Union Bank, Central State Credit Union.

7.      Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched and any data stored in any application;

8.      Any physical keys, encryption devices, dongles, or similar physical items which are necessary to gain access to the computer equipment, storage devices, or data;

9.      Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data;

10.      All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, that show the actual user(s) or owners of the computers or digital devices during the time the device was utilized to commit the crimes referenced above, including the web browser's history; temporary Internet files; cookies, bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email, instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow others to control the digital device such as viruses, Trojan horses, and other forms of malicious software (or alternatively, the lack of software that would allow others to control the digital device);

11.      All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer or digital device;

12.      All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show contextual information necessary to understand the evidence, contraband, fruits, or instrumentalities described in this attachment.